## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| **MARY STUKOFSKI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CAUSE NO: 4:04-CV-0028-AS** |
| **vs.** ) | |
| ) | |
| **BOARD OF TRUSTEES OF** ) | |
| **WHITE COUNTY MEMORIAL HOSPITAL,** ) | |
| ) | |
| **Defendant.** ) | |

### SECOND AMENDED COMPLAINT

Comes now the Plaintiff, Mary Stukofski, by counsel, Blachly Tabor Bozik & Hartman, and for Plaintiff's Second Amended Complaint against the Defendant, states to the Court as follows:

### JURISDICTION

1. The Plaintiff, Mary Stukofski, resides at 8461 S. Base Road South, Town of Star City, County of, State of Indiana, and has, at all relevant times herein.

2. The Defendant, White County Memorial Hospital, is doing business in the State of Indiana and has its principal place of business located at 1101 O'Connor Boulevard, Town of Monticello, County of White, State of Indiana, and has at all relevant times herein employed over fifteen employees.

3. The Plaintiff filed the appropriate Form Five Charge of Discrimination with the Equal Employment Opportunity Commission on or about September 9, 2003, a copy of which is attached hereto as Exhibit "A" and is incorporated herein by reference.

4. The Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission dated December 19, 2003, advising of the 90 days (upon plaintiff's receipt of said notice) to

file a Complaint against the defendant, a copy of which is attached hereto as Exhibit "B" and is incorporated herein by reference.

## COUNT I

## RETALIATION

Comes now the Plaintiff, by counsel, Blachly Tabor Bozik & Hartman and hereby incorporates the foregoing paragraphs of Plaintiff's Second Amended Complaint, and states as follows:

5. During the course and scope of Plaintiff's employment with Defendant, Defendant, by its agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, retaliated against the Plaintiff for Plaintiff's having filed various complaints and charges as the Plaintiff was lawfully entitled to do, which retaliation the Defendant, by its agents, servants, supervisors and/or co-employees, among others, condoned and ratified, took no action to stop, and performed willfully and wantonly against the Plaintiff while Defendant was aware or should have been aware of such conduct.

WHEREFORE, Plaintiff, by counsel, requests relief from the court consisting of all punitive, special and compensatory damages, equitable relief, and costs, attorney fees, expert witness fees and all other just and proper relief in the premises, against said Defendant.

## COUNT II
## INDIANA WHISTLE BLOWER ACT

Comes now the Plaintiff, by counsel, Blachly Tabor Bozik & Hartman, and hereby incorporates the foregoing paragraphs of Plaintiff's Second Amended Complaint, and states as follows:

6. During the course and scope of Plaintiff's employment with Defendant, by its agents,

servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, without justification or cause, violated the Indiana Whistle Blower Act, I.C. § 4-15-10-4, by wrongfully firing and/or transferring and/or demoting the Plaintiff for Plaintiff's reporting unsafe work environment changes against the defendant, as the Plaintiff was lawfully entitled to do, which violation the Defendant, by its agents, servants, supervisors and/or co-employees, among others, condoned and ratified, took no action to stop, and performed willfully and wantonly against the Plaintiff while Defendant was aware or should have been aware of such conduct.

7. As a direct and proximate result of the violation of the Indiana Whistle Blower Act, the Plaintiff has suffered and continues to suffer substantial losses and earnings, job experience, retirement benefits, and other employment benefits. Plaintiff has also suffered humiliation, mental pain and anguish, embarrassment to her name, character and reputation, and has suffered decreased employability. Plaintiff has also incurred additional costs and expenses in prosecuting this civil action against the Defendants to protect the constitutional and statutory rights of Plaintiff with respect to said Defendant.

8. Additionally, the acts by the Defendant were willful, wanton, malicious, intentional and oppressive, and justify the awarding of compensatory and liquidated damages in favor of Plaintiff against Defendant, and an award in favor of Plaintiff and against Defendant for Plaintiff's attorney's fees, expert witness fees and other costs associated in filing this Complaint against said Defendant.

WHEREFORE, the Plaintiff, by counsel, requests relief from the court consisting of all punitive, special and compensatory damages, equitable relief, and costs, attorney fees, expert witness fees and all other just and proper relief in the premises, against said Defendant.

## **COUNT III**

## **WRONGFUL AND/OR CONSTRUCTIVE DISCHARGE**

Comes now the Plaintiff, by counsel, Blachly Tabor Bozik & Hartman, and hereby incorporates the foregoing paragraphs of Plaintiff's Second Amended Complaint, and states as follows:

9. Plaintiff at all relevant times herein performed Plaintiff's job satisfactorily and competently for Defendant, and at no time during Plaintiff's period of employment warranted wrongful termination by Defendant.

10. Defendant, acting by its supervisors, managers, agents and servants, did wrongfully discharge or constructively discharge the Plaintiff on or about August 5, 2003, contrary to the Constitution of Indiana, the public policy of this state, and the Civil Rights Act of 1964, as amended.

11. As a direct and proximate result of the wrongful termination or constructive discharge, the Plaintiff has suffered and continues to suffer substantial losses and earnings, job experience, retirement benefits, and other employment benefits. Plaintiff has also suffered humiliation, mental pain and anguish, embarrassment to Plaintiff's name, character and reputation, and has suffered decreased employability. Plaintiff has also incurred additional costs and expenses in prosecuting this civil action against the defendants to protect the constitutional and statutory rights of plaintiff with respect to Defendant.

12. Additionally, the acts by defendant were willful, wanton, malicious, intentional and oppressive, and justify the awarding of compensatory and liquidated damages in favor of Plaintiff against Defendants, and an award in favor of Plaintiff and against Defendant for Plaintiff's attorney's fees, expert witness fees and other costs associated in filing this Complaint against Defendant.

WHEREFORE, the Plaintiff, by counsel, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and

proper relief in the premises, against said Defendant.

Respectfully submitted,

**Blachly Tabor Bozik & Hartman**

/s/ Anna M. Hearn
Anna M. Hearn, Atty. #21564-64A
56 S. Washington Street Suite 401
Valparaiso, Indiana 46383
(219) 464-1041

## JURY DEMAND

Comes now plaintiff, by counsel, and demands trial by jury.

Respectfully submitted,

**Blachly Tabor Bozik & Hartman**

/s/ Anna M. Hearn
Anna M. Hearn, Atty. #21564-64A
56 S. Washington Street Suite 401
Valparaiso, Indiana 46383
(219) 464-1041

## CERTIFICATE OF SERVICE

    I certify that on the 22nd day of October, 2004, service of a true and complete copy of the foregoing pleading was made upon each party or attorney of record herein by depositing the same in the United States Mail in envelopes properly addressed to each of them and with sufficient first class postage affixed.

Alan L. McLaughlin
Craig M. Borowski
Baker & Daniels
300 N. Meridian Street Suite 2700
Indianapolis, IN 46204

          /s/ Anna M. Hearn
          Anna M. Hearn